IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA R. HAWKINS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-1453-M |
| | § | |
| WELLS FARGO HOME MORTGAGE | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Plaintiff Monica Hawkins has submitted a letter requesting relief from an order dismissing this case for want of prosecution. The Court construes Plaintiff's letter as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and grants the relief requested.

This is a *pro se* civil action brought by Plaintiff against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") seeking unspecified relief as a result of a bank lien placed on certain real property located at 1406 Heather Run Drive in Duncanville, Texas (the "Heather Run Property"). The Court dismissed the case for want of prosecution on October 24, 2012, after Plaintiff failed to file an amended complaint, submit a joint status report and proposed scheduling order, or respond to an order requiring her to show cause why she should not be sanctioned for failing to participate in a Rule 26(f) conference. [Docket Entry #24]. Plaintiff has now filed a letter dated October 30, 2012 "requesting to open the case . . . back up. Due to I have not receive any mail on requesting status." [Docket Entry #25 at 1]. The Court construes this letter as a Rule 60(b) motion for relief from judgment.

Under Rule 60(b), a district court may grant relief from a final judgment, order, or proceeding for mistake, inadvertence, surprise, excusable neglect, or "any other reason that justifies

relief." *See* FED. R. CIV. P. 60(b)(1), (6).  While relief under Rule 60(b) is considered an extraordinary remedy, the Fifth Circuit has held that "the rule should be construed in order to do substantial justice."  *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir.), *cert. denied*, 119 S.Ct. 591 (1998).  The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court.  *See Mason v. Auto Club Family Ins. Co.*, 372 Fed. Appx. 470, 471, 2010 WL 1286916, at *2 (5th Cir. Mar. 30, 2010), *citing Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996).

Here, Plaintiff seeks relief from the order dismissing her case on grounds that she did not receive notice of the impending dismissal.  [Docket Entry # 25 at 1].  A careful examination of the record reveals that the Court's orders -- including the August 6, 2012 Order requiring Plaintiff to file an amended complaint, the August 7 Order requiring the parties to hold a Rule 26(f) conference, and the September 7 Order requiring Plaintiff to show cause for failing to participate in the Rule 26(f) conference -- were mailed to Plaintiff at the Heather Run Property.  However, it appears that Plaintiff was evicted from the Heather Run Property on or about August 9, and she now resides at 6401 Guilford Street in Fort Worth, Texas.[1]  [*See* Docket Entry #23 at 1-4 & #25].  There is no evidence that Plaintiff received notice of any of the orders which preceded the dismissal of her case.  To the contrary, the only evidence of notice is a certified mail receipt for a letter from defense counsel to Plaintiff regarding the Rule 26(f) conference which indicates that the letter was delivered to the Heather Run Property on August 22, after Plaintiff's eviction, and was signed for by someone named Kristina Sadler.  [*See* Docket Entry #21 at 6].  Wells Fargo also advised the Court that its counsel was unable to confer with Plaintiff regarding the Rule 26(f) conference because her home

---

[1] The Court was not advised of Plaintiff's new address until November 5, when the Clerk's Office received her request to reopen this case.

phone number had been changed. Although counsel left a message for Plaintiff on her cell phone, he learned from Plaintiff's mother that Plaintiff had been hospitalized in late August. [*See id.* at 1]. Prior to her eviction, Plaintiff cooperated with the Court by responding to written interrogatories sent to her at the Heather Run Property. [Docket Entry #8 & #10]. Under these circumstances, the Court finds excusable neglect for Plaintiff's failure to comply with the Court's orders and grants relief under Rule 60(b) from the order dismissing her case for want of prosecution. *Reichardt v. BAC Home Loans Servicing, LP*, No. 4-11-CV-478, 2012 WL 2935894, at *1 (E.D. Tex. Jun. 12, 2012), *rec. adopted*, 2012 WL 2935550 (E.D. Tex. Jul. 18, 2012) (granting Rule 60(b) relief from order dismissing case for want of prosecution where plaintiff had not received copies of the court's notices of impending dismissal).

In her October 30 letter, Plaintiff also requests that the Court appoint counsel to represent her in this case due to her limited income. [*See* Docket Entry #25 at 3]. Although the Court has statutory authority to appoint counsel to represent an indigent person in the prosecution or defense of any suit,[2] such authority is typically exercised only in "exceptional cases." *See Jackson v. Dallas Police Department*, 811 F.2d 260, 262 (5th Cir. 1986). Plaintiff has failed to allege any facts in support of her request to warrant the appointment of counsel in this case. Accordingly, the request is denied.

## CONCLUSION

Plaintiff's request to "reopen" the case and for the appointment of counsel [Doc. #25] is **GRANTED in part.** The October 24, 2012 order dismissing the case for want of prosecution [Doc.

---

[2] The relevant statute provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

#24] is **SET ASIDE**, and this case is hereby **REINSTATED** on the Court's docket. Plaintiff's request for the appointment of counsel is **DENIED**.

Plaintiff shall file an amended complaint, which satisfies the requirements of Federal Rule of Civil Procedure 8, by **November 26, 2012**. If Plaintiff fails to file an amended complaint as required, the court may impose additional sanctions, including striking her pleadings and dismissing this action with or without prejudice. *See* FED. R. CIV. P. 16(f)(1) (authorizing sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) for violating pretrial order).

**SO ORDERED**.

November 9, 2012.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS