IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA R. HAWKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-1453-M-BN |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This matter has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. *See* Dkt. No. 30. Defendant Wells Fargo Bank, N.A., incorrectly sued as Wells Fargo Home Mortgage, has filed a second motion to dismiss Plaintiff Monica R. Hawkins claims against it pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). *See* Dkt. No. 44 (the "Second Motion to Dismiss"). For the reasons stated herein, Defendant's Second Motion to Dismiss [Dkt. No. 44] should be GRANTED.

**Background**

Plaintiff Monica R. Hawkins filed this action against Defendant Wells Fargo Bank, N.A. regarding a property located in Duncanville, Texas (the "Property"). Plaintiff, proceeding *pro se*, filed suit against Defendant seeking unspecified relief as a result of a lien on the Property. *See* Dkt. No. 3. Plaintiff moved for leave to proceed

*in forma pauperis*, and the Court granted Plaintiff's motion. *See* Dkt. Nos. 4 & 6.

Defendant moved to dismiss Plaintiff's complaint or, in the alternative, for a more definite statement on August 2, 2012. *See* Dkt. No. 15. Without expressing an opinion as to whether Plaintiff's complaint failed to satisfy Fed. R. Civ. P. 8, the Court *sua sponte* gave Plaintiff an opportunity to amend her pleading by August 27, 2012. *See* Dkt. No. 17.

The Court also ordered the parties to participate in a Fed. R. Civ. P. 26(f) conference and to submit a joint status report and proposed scheduling plan by September 4, 2012. *See* Dkt. No. 19. Defendant submitted a status report on September 4, 2012, indicating that it had been unable to contact or confer with Plaintiff. *See* Dkt. No. 21. The Court ordered Plaintiff to show cause as to why she should not be sanctioned for her failure to comply with the court-ordered Rule 26(f) conference by September 17, 2012. *See* Dkt. No. 22. Plaintiff then filed a notice on September 26, 2012, which was from a state court eviction proceeding. *See* Dkt. No. 23. The Court determined that the notice neither explained Plaintiff's failure to comply with the court order nor sufficed as an amended complaint. *See* Dkt. No. 24. Because Plaintiff did not file an amended complaint by the Court's deadline of August 27, 2012 and failed to show cause for her failure to comply with the August 7, 2013 Order [Dkt. No. 19] by the deadline, the Court dismissed the suit for want of prosecution on October 24, 2012. *See* Dkt. No. 24.

After her suit was dismissed, Plaintiff moved to appoint counsel and reopen the case, stating that she had not received any mail on the status of the suit. *See* Dkt. No.

25. Over Defendant's objection, *see* Dkt. No. 26, the Court determined that, because it appeared Plaintiff resided in a new address after facing eviction and because there was not sufficient evidence that Plaintiff received notice of the orders which preceded dismissal of her case, Plaintiff's failure to comply with the court order was excusable neglect. The Court granted relief under Fed. R. Civ. P. 60(b) and reopened the case. *See* Dkt. No. 27. However, the Court found that Plaintiff had not presented sufficient support to appoint counsel and denied Plaintiff's request for appointment of counsel. *See id.*

Plaintiff then filed an amended complaint on November 19, 2012, *see* Dkt. No. 29, and the District Court referred the case to the undersigned magistrate judge on November 29, 2012, *see* Dkt. No. 30. Defendant filed an amended answer to the amended complaint, *see* Dkt. No. 31, and the Court ordered that both parties participate in a Rule 26(f) conference no later than December 18, 2012 and submit a joint status report and proposed scheduling plan by January 2, 2013, *see* Dkt. No. 33.

Subsequently, Plaintiff filed three notices and a motion that the case "become private," which the Court construed as a motion to seal the record. *See* Dkt. Nos. 34, 35, 36, & 39. The Court denied the motion to seal without prejudice. *See* Dkt. No. 42. The notices filed by Plaintiff, *see* Dkt. Nos. 34, 35, & 36, explain her views on the status of the case and the relief sought. Defendant filed a status report on January 2, 2013 and indicated that it had conferred with Plaintiff but that Plaintiff refused to sign the proposed scheduling plan. *See* Dkt. No. 37. Plaintiff then filed a second amended complaint entitled "Amend Pleading" (hereinafter the "Second Amended Complaint"),

*see* Dkt. No. 38, attaching a voluminous set of documents related to the Property. Defendant filed its Second Motion to Dismiss. *See* Dkt. No. 44. The Court ordered Plaintiff to respond to the motion to dismiss by February 18, 2013. *See* Dkt. No. 45. Plaintiff has since filed three responses to the Second Motion to Dismiss. *See* Dkt. Nos. 46, 47, & 49. Defendant filed a reply, *see* Dkt. No. 50, and since then Plaintiff has filed three additional letters with the Court, which provide contact information for Plaintiff and notice of two alleged class action suits against Wells Fargo Home Mortgage, *see* Dkt Nos. 51, 52, & 53.

Based on Plaintiff's pleadings, it appears that Plaintiff purchased the Property in October 2002, *see* Dkt. No. 38 at 1 of 59, financed at least in part by a loan from Defendant, see Dkt. No. 29 at 1. However, on January 22, 2001, prior to Plaintiff's purchase of the Property, a federal tax lien was recorded in Dallas County that listed "M A Hawkins" as the taxpayer (the "2001 Lien"). *See* Dkt. No. 38 at 43 of 59. In 2009, Plaintiff fell behind on her mortgage payments to Defendant. *See* Dkt. No. 38 at 1 of 59. Plaintiff applied for a mortgage loan modification from Defendant, but Defendant's representative informed Plaintiff that, because "the title to [Plaintiff's] home has additional liens against it," Defendant was required to work with other parties who must agree to any changes in the payment terms of the mortgage. Dkt. No. 38 at 4 of 59. According to Defendant's representative, a necessary party declined to work with Defendant, and Plaintiff's request for modification was denied. *See id.* Plaintiff explains that the 2001 Lien against M A Hawkins does not apply to her, as Plaintiff has a different middle name (Regina) and social security number than the individual

associated with the 2001 Lien. *See* Dkt. No. 29 at 3 of 7. Plaintiff claims that she was advised by Defendant's representatives that she had to take care of the 2001 Lien before Defendant would approve her loan modification request. *See id.* Plaintiff asserts that she received conflicting information from Defendant's representatives regarding the loan modification. *See id.* at 4 of 7. It appears from the papers filed by Plaintiff that Defendant did at some point approve her loan modification request, *see* Dkt. No. 38 at 33 of 59, but Plaintiff's filings make clear that her issues with Defendant were not resolved.

Plaintiff asserts that, in 2012, she lost her job and contacted Defendant to see what they could do to assist her with her mortgage. *See* Dkt. No. 29 at 3 of 7. At that point, Plaintiff was advised that the Property was "under short sell." *See id.* Plaintiff states that the Property was foreclosed on July 3, 2012. *See id.* Plaintiff asserts that she is now homeless and asks that she be permitted to keep the Property without any liens – or to be placed in a house without any liens or any requirement that she pay for the house – and receive back any payments she made on the Property. *See* Dkt. No. 25 at 1-2; Dkt. No. 38 at 2 of 59. What the undersigned believes to be the crux of Plaintiff's allegations against Defendant appears in one of her responses to the Second Motion to Dismiss:

> What I am trying to say [is] [the Property] should never have been sold to me. If the property had bank liens on it. Under a different name. All liens should have been cleared at closing and before [Defendant] paid the [P]roperty.

Dkt. No. 47 at 2 of 6; *see also* Dkt. No. 46 at 1-2 (making similar allegations). At

another point in the papers that she filed with the Court, Plaintiff identifies the fact that her "file[] was not handle[d] correctly" as her reason for filing suit against Defendant. Dkt. No. 38-1 at 20 of 85.

Defendant asserts that Plaintiff's Second Amended Complaint should be dismissed because it cannot determine from any or all of Plaintiff's complaints what claims are being asserted against it. *See* Dkt. No. 44 at 4.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed

factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

**Analysis**

Plaintiff's complaints, taken separately or in the aggregate, as described above, do not state a claim for relief under Rule 8(a). Nor can the undersigned make out a cognizable claim by reviewing Plaintiff's correspondence or documents that have been filed in this case.

While not advising Plaintiff on the merits of any cause of action, the Court believes Plaintiff may be attempting to plead a claim for negligence. To plead negligence under Texas law, a plaintiff must allege: (1) the existence of a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from breach of that duty. *See Fed. Sav. & Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.*, 955 F.2d 261, 265 (5th Cir.1992) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987)). The complaints, as stated, do not currently plead the requisite elements for negligence or factual content that allows the Court to draw the reasonable inference that Defendant is liable to Plaintiff for negligence. *See Iqbal*, 556 U.S. at 678. The undersigned cautions Plaintiff that the undersigned takes no position on the merits of any such claim, takes no position as to whether Plaintiff can

sufficiently plead negligence and/or other causes of action, and takes no position as to whether Defendant is the correct party for Plaintiff to assert any claims against. The undersigned has simply reviewed Plaintiff's filings and, based upon their content, believes that Plaintiff may be attempting to plead negligence. *See, e.g.*, Dkt. No. 46 at 1-2; Dkt. No. 47 at 2 of 6.

Because Plaintiff is proceeding *pro se*, Plaintiff should be permitted one final opportunity to amend her complaint. The undersigned notes that, although Plaintiff has filed three complaints, the Court had not had occasion to rule on the merits of the two prior complaints and to identify the deficiencies that Plaintiff must cure. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (internal quotation marks and citation omitted)). Because Plaintiff has not stated that she cannot, or is unwilling to, cure the defects that the Court has identified, Plaintiff should have the opportunity to file a third amended complaint.

**Recommendation**

Defendant's Motion to Dismiss [Dkt. No. 44] should be GRANTED, and Plaintiff's claims against Defendant should be dismissed without prejudice. The Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file a third amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 17, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE