IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA R. HAWKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-1453-M-BN |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Wells Fargo Bank, N.A. filed a second motion to dismiss this case for failure to state a claim upon which relief can be granted. *See* Dkt. No. 44. Plaintiff, who is proceeding *pro se*, filed a response [Dkt. No. 46] and a supplemental response [Dkt. No. 47]. On April 17, 2013, the undersigned entered Findings, Conclusions and Recommendations ("FCR") recommending that the District Court grant Defendant's motion to dismiss without prejudice to Plaintiff's filing an amended complaint. *See* Dkt. No. 54. On May 22, 2013, Judge Lynn entered an order accepting the FCR [Dkt. No. 67] and a Judgment [Dkt. No. 68]. In the Judgment, Plaintiff was ordered to file an amended complaint stating a claim for which relief could be granted, and the amended complaint was to be filed within 21 days from the date of the Judgment, or by June 12, 2013. *See* Dkt. No. 68.

Although Plaintiff has filed correspondence with the Court, *see* Dkt. Nos. 69, 70, & 71 – which the undersigned has already separately addressed, *see* Dkt. No. 72 – and a settlement agreement proposal [Dkt. No. 73], Plaintiff failed to timely file an

amended complaint.

On June 28, 2013, the undersigned ordered Plaintiff to file a response by July 11, 2013, explaining why she has not complied with Judge Lynn's requirement to timely file an amended complaint and, if she still seeks to file an amended complaint, seeking the Court's leave to do so. *See* Dkt. No. 74. In the June 28, 2013 Order, the undersigned admonished Plaintiff that failure to comply would result in the undersigned's recommending to Judge Lynn that the Court dismiss the action for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Plaintiff has not filed a response.

Because Plaintiff has failed to respond to the June 28, 2013 Order or otherwise file (or seek leave to file) an amended complaint, the undersigned now recommends that the Court dismiss the action for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**Legal standards**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*,

2

975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Plaintiff's failure to file an amended complaint within the time limits imposed by the Court and her failure to respond to the June 28, 2013 Order justify dismissing this case for failure to prosecute and to comply with the Court's orders pursuant to Rule 41(b). Plaintiff had 21 days in which to file her third amended complaint, and she failed to do so. Plaintiff was then given an additional 12 days in which to file a response to the June 28, 2013 order and seek leave to file her third amended complaint, if she so chose, and she failed to file a response or to seek leave. The undersigned concludes, from these facts, that Plaintiff no longer wishes to pursue her claims. In short, Plaintiff has "demonstrate[d] a manifest lack of interest in litigating his claims." *Godley v. Tom Green Cnty. Jail*, No. 6:11-cv-24-C-BL, 2011 WL 7461630, at *1 (N.D. Tex. Nov. 7, 2011), *rec. adopted*, 2012 WL 724650 (N.D. Tex. Mar. 6, 2012). A Rule 41(b) dismissal of Plaintiff's case is warranted under these circumstances.

## Recommendation

The Court should dismiss Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE